IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:22-cv-10059

BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAMORADA TIMES LLC,

    Defendant.

## COMPLAINT

Plaintiff Blaine Harrington III ("Plaintiff") sues defendant Islamorada Times LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Colorado.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 130 Anglers Way, Islamorada, FL 33036.  Defendant's agent for service of process is: George Brennan, 8103 SE 171st McAlpin Street, The Villages, FL 32162.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

**FACTS**

**I.   Plaintiff's Business**

6. Plaintiff is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

7. With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Plaintiff has expert knowledge of Europe, as well as most regions of the world. He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

8. Plaintiff's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel +

Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

**II.     The Work at Issue in this Lawsuit**

9.     In 2011, Plaintiff created a professional aerial photograph of the Seven Mile Bridge in the Florida Keys titled "20110427_FLORIDA_3319" (the "Work").  A copy of the Work is exhibited below:



10.    The Work was registered by Plaintiff with the Register of Copyrights on August 29, 2011 and was assigned Registration No. VAu 1-077-015.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11.    Plaintiff is the owner of the Work and has remained the owner at all times material

hereto.

**III.     Defendant's Unlawful Activities**

12.     Defendant represents itself as the "one-stop destination for everything related to Islamorada, Florida and the surrounding Florida Keys."  Defendant publishes information about current events, local happenings, news articles, restaurant reviews, etc.  Defendant likewise sells advertising space, social media management services, and website design.

13.     Defendant primarily advertises/markets its services through its website (https://www.islamoradatimes.com/), social media (e.g. https://www.facebook.com/islamoradatimes/), and other forms of advertising.

14.     In September 2020 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://www.islamoradatimes.com/history-of-the-florida-keys-part-5/) in connection with an article posted thereon titled "History of the Florida Keys: Part 5":

Pigeon Key:

Pigeon Key is currently home to a historic district made up of several structures and buildings complete with a museum filled with various artifacts from the island's history. Pigeon Key translates to and was listed as "Cayo Paloma" on Spanish maps – most likely named for the white pigeons that inhabited the island. Like its neighbor Knights Key, this island also serves as the location for the "Bal Harbor Institute" in the 1995 series of Flipper as well as a few episodes of the show "The Amazing Race"



Pigeon Key Photo monroecounty-fl.gov

15.     A true and correct copy of screenshots of the aforementioned website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16.     Defendant is not and has never been licensed to use or display the Work.  Defendant

never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

17. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

22. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to her own reproduction, distribution, and public display of the Work on its website.

24. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

25. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

26. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2019, Islamorada Times. All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Further, as a media publishing/marketing company that publishes hundreds of professional photographs on its website/social media, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27. Although Plaintiff (through counsel) communicated with Defendant's principal multiple times (in addition to sending a demand letter via FedEx and e-mail), Defendant has – to this date – failed and/or refused to remove the Work from publication on its website.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages

pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, her employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 18, 2022.  COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza\_\_\_\_
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren M. Hausman, Esq.
    Florida Bar No.: 1035947

Exhibit "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-077-015**

Effective date of registration:

August 29, 2011

---

**Title**

Title of Work: Blaine Harrington III Photography 20110427-20110808  10,845 Unpublished Photos

**Completion/Publication**

Year of Completion: 2011

**Author**

- Author: Blaine Harrington III
  Author Created: photograph(s)
  Work made for hire: No
  Citizen of: United States                    Domiciled in: United States

**Copyright claimant**

Copyright Claimant: Blaine Harrington III
7533 South Overlook Way, Littleton, CO, 80128, United States

**Rights and Permissions**

Name: Blaine Harrington III
Email: blaineharr@comcast.net                  Telephone: 303-932-9062
Address: 7533 South Overlook Way
Littleton, CO 80128  United States

**Certification**

Name: Blaine G. Harrington III
Date: August 29, 2011

Page 1 of 1

Exhibit "B"

